The next case for oral argument is Velazquez v. Progressive Northern Insurance Company. Counsel, whenever you're ready, you may proceed. Please support counsel Bruce Irish for the point of view. This case presents a unique question. It appears to be one of the first in the question. As to the application of the accountability principles under the restatement section of the courts in 875-876 of that series to an insurer who is a third-party insurer acting in concert with an insurer who is a first-party insurer and sanctionable under section 155 of the insurance code. In the trial court, this originated as a three-count complaint, the first two counts being against the first-party insurer. Those were settled. The count three against Progressive was ultimately dismissed by the trial court on a finding that this action was not allowed under section 155. There was intervening staff where the court made some findings of fact and the court was requested to reconsider the findings of fact since this was a 2615 motion and to also clarify what it meant in its previous record sheet. The court did reverse the findings of fact and did not give us a great deal of clarification on exactly what the basis was for the finding that section 155 did not allow this. However, the court's ultimate ruling did not reach the question of whether or not the complaint was sufficient because it repeated its finding that we couldn't file a complaint of this nature to begin with. Given the appearance that no amendment would ever satisfy the court in light of its repeated finding that section 155 would not allow it, I stood on my pleading rather than go through another charade of amending and getting the same result before I came up here. And because this is a point of first impression, I'm requesting that if the court finds that the action can be filed but then decides to review my complaint and finds it insufficient, that I be allowed to leave to amend or remand it as we've done with the Boshaw case. On the merits of the case, it is undisputed that a case called Gasson v. United Grocers, I forget the exact title, but that it said that as a general rule, actions under section 155 are limited to the insurer's own insurer. That was restated probably several times, but in cases including the statewide insurance company v. Houston General, both of those are in the party's brief. However, every general rule needs to be examined when you get a set of facts that clearly was not present at the time that the general rule was announced. Gasson, Kramer, all of it, but the other cases that either of us have found, except for statewide, which is not our case, only involved one insurer. Gasson, the plaintiff, was in a post-judgment collection status when she sued the defendant's liability insurer for not paying fast enough, and the court said, No, 155 in general doesn't belong to you. The court could just as easily have said, This is in the collection status, and 155 wouldn't apply even if this was your insurance company. There are cases of that kind. Kramer was a case against the first party insurer, and the primary issue there was whether or not 155 preempted other independent torts. It was not a question of one third party or one first party insurer. Statewide was interesting, statewide v. Houston General, because there the court actually seemed to extend beyond the general rule. That involved three insurers for the plaintiff, and they reputed the plaintiff. You notice the action point of the statewide. All three of these insurers were called upon to defend an underlying defendant. One of them refused. The other two put together the settlement and then sued Houston General for not defending. There the court said, Well, okay, we'll let the guys who paid get sanctions under 155 against the other insurance company, even though the insurer no longer had a dog in the fight and had not had a dog in the fight since long previously. The question here, when you look at the restatement of the second, primarily Section 876, although the general Section 875 also has some utility, is whether or not, even if the general rule of reaction applied, if you have a first party insurer doing things that are sanctionable under 155 to its insurer, does 876 and theories of the restatement allow you to also implicate and make accountable for those Section 155 activities a third party insurer, which is aiding and abetting, acting in concert with the insurer's own insurer? I submit to you that there's a correct analogy in the Illinois case law involving Section 877. It is not a correct finding or a correct molding, but it's a direct analogy. Insurance companies, like any other corporation, don't drive drunk. Corporations don't cross the center line. Corporations don't operate motor vehicles. They are non-corporeal entities. To that extent, the motor vehicle laws could, similar to what the defense said in this case, exempt corporations from anything involving the public safety statute, the public protection statute, and the motor vehicle code. The Supreme Court says differently in Simmons v. Thomas. This court said differently. I think it was Forte v. Holland. There were a number of cases in Illinois in which the court said, Okay, we're not looking at whether or not you can be charged corporately under the motor vehicle code. We're looking at whether or not what you did was in concert with or concurrent with or set up a situation which enabled someone else for whom we are going to hold you accountable. To complete doing wrong that injured the plaintiff. And I submit to you that that is an analysis that is directly happening here. We have charged that a corporation, an insurer that was our client's insurer, was doing things that were sanctioned under Section 105 and that the progressive, their party insurer, was acting in concert with them, facilitating and encouraging that activity. Now whether or not we win is a long way down the road. There's been no discovery. The objections to the discovery were still present. There's been no evidence. The naked question here is can we file that complaint? Can such a cause of action be pursued in Illinois? I had also filed a motion to strike portions of the amendment brief. I think we took that with the case. That was taken with the case. I didn't know if you wanted me to address any of the merits of those portions. That's fine. We'll deal with it. Okay. If I may have just a minute. Judge, I think as to what's really at issue here, I've said just about everything there is to say, unless you have a comment. I don't believe we do. Thank you, counsel. Thank you. Counsel? Thank you, Your Honors. Welcome. I please the court. My name is Craig Unrath. I'm here to represent the Progressive Northern Insurance Company. In ruling on the Section 216.15 motion to dismiss, courts may consider facts inherent from the pleadings, judicial admissions, and the court may take judicial notice of matters which are apparent. In this case, the court did take judicial notice of a fairly simple fact. The court took judicial notice of the fact that Progressive did nothing wrong here. Progressive followed the law and custom in this state for settlement claims. They recognized a lien and subrogation interest by United Equitable and placed that on the settlement check. Now, plaintiff's counsel came back to us and said, well, there's only a portion of that settlement that is subject to a lien. We'd like to get this split up into three sections. So we did. We said one section was for liability. Another section was for $115, probably to a medical provider. And then the third check was, and we recognized the lien of that doctor in that check. And the third was the $4,000 medical payments made by United Equitable. Basically, we did what plaintiff's counsel asked us to do and ended up being sued. Now, when the trial court recognized that Progressive had merely followed the law and custom in this state, a motion to reconsider withdrew that remark. Basically, his concern was that he may have ruled on an issue of fact. And quite frankly, we think he got it right the first time. This is how business is done in Illinois. It protects the insurance company from lien holders and correct actions. It's just how things are done. Now, the counsel remarked in his brief that we didn't file a cross appeal on that issue, but we have no adverse judgment against this, so we have no grounds for a cross appeal. And I think that it's an established rule that we can raise any argument that's apparent from the face of the record. Now, it's important to understand the nature of this claim. This is a claim for statutory penalties under Section 155 of the Insurance Code. That's it. There are no common law actions for tortious interference with contract. There's no claim for a breach of any common law duty. What we're dealing with here is simply a question of whether or not statutory penalties under Section 155 of the Insurance Code apply to an insurance company who has done nothing more than follow the law and the custom of the state in recognizing the liens and subrogation rights of others. Now, because this is a claim limited to the statutes, I think it's a good place to start with the language of the statute itself. It applies in three different types of actions. It applies to an action where there's an issue of liability on the part of the insurance company. There's been no question of liability in this case. It also applies where there's an issue of damages. What is the amount of the loss? Again, we settled this case. We had an agreed amount. That doesn't apply. The third scenario is where there's been an unreasonable delay in settling. We reached a settlement agreement fairly quickly in this case. So, on its face, Section 155 has no application to this case. Now, if 155 does not apply, it's the plain language of the statute. And if progressives merely follow the law and custom in this state for settling claims, you have to ask, why are we here? The final nail in the coffin is a case the counsel discussed, Yassine v. Certified Brochures. In that case, the plaintiff obtained a judgment that was covered by the defendant's insurer and had to file an action to garnish, a garnishment action against that insurer to collect the $300,000, plus statutory interest and a few other claims that were mixed in there. The Supreme Court denied the claim under Section 155, stating that the remedy embodied in Section 155, quote, extends only to the party insured, unquote. Now, because the plaintiff in that case was not an insurer under that, I believe it was Zurich Insurance Company's policy. She was not entitled to any remedy under Section 155. Now, it's difficult to conceive of a case that is more directly on point with the case so far. The plaintiff's counsel is, in effect, asking this court to take upon itself to reverse, directly reverse Illinois Supreme Court precedent and find that third parties to an insurance contract may seek penalties under Section 155. Well, that's asking a lot. It's not only asking that the Illinois Supreme Court be reversed, but that 40 years of precedent backing that case up be reversed as well. Now, counsel points out that the court mentioned that it is the general rule. But counsel has cited no case law suggesting that this general rule should not be applied in a case of bar. He fashions this case as a case of first impression. And yet, in its essence, it comes down to a simple question. Are third parties allowed to make claims for statutory penalties against an insurance company to which they have no relationship, to which they are not an insurer? Now, I'd like to make one last point. In the reply brief, counsels appear to suggest that they be allowed to amend their complaint. The case should be remanded. Now, I just want to point out to the court that the plaintiff filed a motion to reconsider. That motion was denied. And in the order denying the motion to reconsider, the trial court specifically granted him 28 days to amend his complaint. He didn't take that opportunity. As a matter of fact, when he withdrew his initial, it was that statement allowing him a chance to, the opportunity to amend that rendered the ruling non-final. And his initial notice of appeal premature. He withdrew the premature notice of appeal, went before the court and said, I'm going to stand on my complaint. Your Honor, I think it's unfair to now come before this court and say, well, now I'd like to go back and I'd like to try again under a different theory. Everything that my client has done since we've settled this case is to find a way to close the books. That's all we want. The notion that this case could go further, that we could remand for another case under a completely different theory would be entirely unjust. And we urge the court to bring this case to an end. Thank you very much. Thank you, counsel. Counsel? I need to first apologize if anything I argue is based on my bad hearing of the hearing that you've set up. The citizens gave me a cannon when I was young, and I have artillery ears. At any rate, I believe I heard him argue about judicial notice and the appropriateness of what they say is their common practice and why they didn't do anything wrong. I'm not going to belabor that, but, Your Honors, take a look at the last two lines on page 13 of their brief. They make an admission there that in response to the letter we gave up on their $20,000 check, I said, okay, cut one for the client, but one with the other insurer's name on it. We asked them to write a check to us and the client, a check to us, the client, and the other insurer, and a check to a medical lien holder. At page 13, they admit they ignored the medical lien holders when they cut those checks. So bear that in mind if you decide to look at all of the stuff about how they were protecting themselves from lien holders and had to do this and so forth. If you had to get into that, it would be pretty obvious that they ignored a lien holder in order to give preference to another insurance company, which is part of the gist of this whole operation. With regard to what the wording of 151 is in the statute, of course, the whole idea that you could not sue directly against a third-party insurance company originated in a case called Stamps v. Caldwell. I believe I made reference in my brief to the fact that Stamps was later seriously criticized with regard to that point. Holmes may have been the case. I don't recall right now. Because Stamps got that out of thin air that the case that they cited for that proposition didn't hold that well. The holding was later picked up and showed up in the assets and so forth. But the statute itself doesn't limit it. Also take a look at 50 Illinois Administrative Code 919.50, which is under the claims practices section for insurance companies. That applies to all insurance companies. And it makes a distinction between companies for some parts of that, but not for this part. It says it's unreasonable claims conduct not to pay an amount that is admittedly due within 30 days. Your Honors, when you look at the release that's in the appendix and with the test complaint, you will find that Progressive required in the release, and we signed it, the client signed it, that the client waived all claims of every bond, which would include any self-governing reimbursement claim. All claims of everybody as Progressive. And that our clients undertake specifically duties to repay all suffragation, medical bills, medical payments, and so forth, which we also signed. That's what we do. That's what Honest Claimant lawyers do. They collect the settlement and they pay all the bills as far as the settlement goes. It was not until after that that they said, oh, no, we're going to add this other insurance company to the check. And we don't know yet what the sequence was. We don't know whether they solicited a claim of lien from the first party carrier. We don't know whether or not they had it, knew about it, did not mention it in the settlement negotiations, did not mention it in the release, and defrauded us in the release. Thank you. Thank you, Counsel. We appreciate the briefs and arguments of Counsel. We'll take the case under advisement.